IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| In re:<br><br>MED-DEPOT, INC. d/b/a HOSPICE SOURCE,<br><br>    Debtor | § § § § § § § | Case No. 13-41815<br><br>(Chapter 11) |
| In re:<br><br>MED-DEPOT HOLDINGS, INC.,<br><br>Debtor | § § § § § § § § § § § | Case No. 13-41816<br><br>(Chapter 11)<br><br>JOINT ADMINISTRATION REQUESTED<br><br>HEARING DATE: July 31, 2013<br>HEARING TIME: 9:30 a.m. |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER PURSUANT
TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
DIRECTING JOINT ADMINISTRATION OF CASES
FOR PROCEDURAL PURPOSES ONLY**

**TO THE HONORABLE BRENDA T. RHODES, U.S. BANKRUPTCY JUDGE:**

Med-Depot, Inc., d/b/a Hospice Source ("Med-Depot") and Med-Depot Holdings, Inc. ("Holdings") (collectively, the "Debtors"), hereby submit this Expedited Motion for Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Directing Joint Administration of Cases For Procedural Purposes Only (the "Motion"). In support of this Motion, the Debtor relies on the Affidavit of Jeff West in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "West Affidavit"). In further support of this Motion, the Debtors respectfully state as follows:

1

## I. JURISDICTION

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. The Bankruptcy Case

2. On the date hereof (the "Petition Date"), the Debtors filed their voluntary petitions for relief (the "Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). By motion for joint administration, the Debtors have contemporaneously sought administrative consolidation of theses chapter 11 cases. The Debtors continue to operate their respective businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The United States Trustee has not yet appointed a creditor's committee, and no trustees or examiners have been requested or appointed in the Debtors' chapter 11 cases.

### B. The Debtors' Corporate Structure and Business Operations

4. Med-Depot is an Oklahoma corporation incorporated in 1998 to be a national provider of respiratory therapy and home medical equipment (collectively, "HME") to hospice providers and their patients. Holdings is a Delaware corporation whose primary asset is its equity in Med-Depot. Holdings is also an obligor and/or guarantor of certain debt obligations owed by Med-Depot. The principal place of business for both Med-Depot and Holdings is located in Plano, Texas.

5. Med-Depot's business consists primarily of HME rental, delivery, pickup, and service. Routinely rented equipment includes hospital beds, oxygen concentrators, nebulizers, suction machines, specialty mattresses, wheelchairs, and other related items. As of the Petition

Date, the Debtors employ approximately 164 employees. For the twelve-month period ending March 31, 2013, Med-Depot generated net revenue of $14,996,681.

6. Approximately sixty percent (60%) of Med-Depot's revenues are generated by providing HME to third parties that in turn provide in-home care to patients. The remaining forty percent (40%) of Med-Depot's revenue is generated by providing HME for use in facility-based care.

7. Neither Med-Depot nor Holdings is a "health care business" as that term is defined in section 101(27A) of the Bankruptcy Code.

## C. The TCB Loan Documents

8. The Debtors are parties to: (i) the Amended and Restated Revolving Promissory Note, dated as of May 26, 2011, in the stated principal sum of One Million Five Hundred and 00/100 Dollars ($1,500,000.00) (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "TCB Revolving Note"), by and among Med-Depot and Holdings, as borrowers, and Texas Capital Bank, National Association ("TCB") as lender; (ii) the Term Promissory Note, dated as of May 26, 2011, in the stated principal sum of Three Million and 00/100 Dollars ($3,000,000.00) (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "TCB Term Note"), by and among Med-Depot and Holdings, as borrowers, and TCB as lender; and (iii) the Amended and Restated Credit Agreement, dated as of May 26, 2011, by and among Med-Depot and Holdings, as borrowers, and TCB as lender (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "TCB Credit Agreement").

9. Med-Depot is party to the Amended and Restated Security Agreement, dated as of May 26, 2011, by and between Med-Depot, as grantor, and TCB, as secured party (as amended,

restated, amended and restated, supplemented or otherwise modified from time to time, the "Med-Depot/TCB Security Agreement").

10. Holdings is party to the Amended and Restated Security Agreement, dated as of May 26, 2011, by and between Holdings, as grantor, and TCB, as secured party (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Holdings/TCB Security Agreement" and, collectively with Med-Depot/TCB Security Agreement, the "TCB Security Agreements").

11. The TCB Revolving Note, TCB Term Note, TCB Credit Agreement, and TCB Security Agreements are referred to collectively as the "TCB Loan Documents."

12. Through the TCB Loan Documents, TCB provided a revolving line of credit and term loan to the Debtors in an aggregate amount not to exceed $4,500,000 (the "TCB Loan").

13. The TCB Loan is secured by the TCB Security Agreements, which purport to grant TCB a security interest in all of the Debtors' personal property (including after-acquired property). The TCB Security Agreements also, among other things, gives TCB certain control over lock-box and collection accounts established in connection with the TCB Loan Documents.

**D.    The Westbury Loan Documents**

14. Med-Depot is party to the Secured Term Loan Note, dated as of May 26, 2011, in the stated principal sum of Ten Million Five Hundred and 00/100 Dollars ($10,500,000.00) plus certain interest defined therein (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Westbury Note"), by and among Med-Depot, as borrower, and Westbury Investment Partners SBIC, LP ("Westbury") as lender.

15. The Debtors are parties to the Credit and Security Agreement, dated as of May 26, 2011, by and among Med-Depot, as borrower, Holdings, as guarantor, and Westbury, as lender

and agent (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Westbury Credit and Security Agreement").

16. Holdings and Westbury are also parties to the Stock Pledge Agreement, dated as of May 26, 2011, by and between Holdings, as grantor, and Westbury, as agent and secured party (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Westbury Stock Pledge Agreement").

17. The Westbury Note, Westbury Credit and Security Agreement, and Westbury Stock Pledge Agreement are referred to collectively as the "Westbury Loan Documents."

18. Through the Westbury Note and Westbury Credit and Security Agreement, Westbury provided a term loan to Med-Depot in the original aggregate principal amount of $10,500,000 (the "Westbury Loan"). Westbury asserts that the amount owed under the Westbury Loan Documents as of the Petition Date is approximately $12.36 million.

19. The Westbury Loan is secured by the collateral defined in the Westbury Credit and Security Agreement, which purport to grant Westbury a security interest in substantially all of Med-Depot's personal property (including after-acquired property).

20. Holdings' guaranty of the Westbury Loan is secured by the collateral defined in the Westbury Stock Pledge Agreement, which purport to grant Westbury a security interest in Holdings' equity holdings in Med-Depot.

**E.     The Intercreditor Agreement**

21. The Debtors are party to the Intercreditor Agreement, dated as of May 26, 2011, by and among Med-Depot and Holdings, as borrowers, TCB, as senior lender, and Westbury, as junior lender (as amended, restated, amended and restated, supplemented or otherwise modified

from time to time, the "Intercreditor Agreement"). Pursuant to the Intercreditor Agreement, the parties purportedly subordinated Westbury's interests to those of TCB.

**F.     The Invacare Agreement**

22.    Med-Depot is party to the Lease Agreement, dated as of March 20, 2012, by and among Med-Depot, as lessee/grantor, and Invacare Credit Corporation ("Invacare"), as lessor/secured party (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Invacare Agreement").

23.    Pursuant to the Invacare Agreement, Invacare provided certain home medical equipment (HME) that is necessary for the Debtors' operations. The HME provided pursuant to the Invacare Agreement is referred to collectively as the "Invacare HME."

24.    The Invacare Agreement contains an end-of-lease purchase option of $1, and provides that Med-Depot grants Invacare a first priority security interest in the Invacare HME.[1]

**G.     Events Leading to the Commencement of the Debtors' Chapter 11 Cases**

25.    In the last several years, Med-Depot has been successful in growing its business. Such growth has been accompanied by an increased need for HME, as well as an increase in other necessary expenses.

26.    Med-Depot's cash flow and earnings are strong. However, the pressing needs for HME, together with an increase in expenses related to a growth in operations, has caused the Debtors to reach the limits of the TCB Loan.

27.    The Debtors commenced their Cases in order to stabilize operations and maximize value of their assets for the benefit of creditors and other constituencies under chapter 11 of the Bankruptcy Code.

---

[1] Public records indicate a termination statement and a continuation statement regarding Invacare's interest were recently filed. The Debtors continue to investigate Invacare's secured status, and reserve all rights related thereto.

### III.   RELIEF REQUESTED

28. Pursuant to Bankruptcy Rule 1015(b), the Debtors request that this Court enter an order providing for the joint administration of the Debtors' chapter 11 cases (the "Cases") for procedural purposes only under the case styled *In re Med-Depot, Inc., et al.*, Case No. 13-41815, such style and case number to be used on all subsequently filed pleadings if joint administration is ordered.

29. The joint administration of the Cases, including the combining of notices to creditors of the respective estates, as well as calling and hearing all matters at the same time, will promote economic, efficient, and convenient administration of the estates. The rights of the respective creditors of each of the estates will not be adversely affected by the joint administration, because the relief sought is purely procedural and is not intended to affect substantive rights. Each creditor will be entitled to file a proof of claim against a particular estate.

30. Supervision of the administrative aspects of the cases by the Office of the United States Trustee will be simplified. No substantive consolidation is sought by this Motion.

31. No administrative or scheduling orders previously entered in these Cases will require modification if this Motion is granted. Mailing lists in each of the Cases will be consolidated for future noticing requirements.

### IV.   SIMILAR RELIEF GRANTED

32. Similar relief has been granted in this Court and in other courts in Texas in other large chapter 11 cases. *See, e.g., In re Vitro Asset Corp., et al.*, Case No. 11-32600 (Bankr. N.D. Tex. May 17, 2011) [Docket No. 591]*; In re Erickson Retirement Communities, LLC, et al.*, Case No. 09-37010 (SGJ) (Bankr. N.D. Tex. Oct. 22, 2009) [Docket No. 66]; *In re Idearc, et al.*, Case No. 09-31828-11 (BJH) (Bankr. N.D. Tex. Apr. 1, 2009) [Docket No. 41]; *In re Pilgrim's Pride*

*Corp., et al.*, Case No. 08-45664 (DML) (Bankr. N.D. Tex. Dec. 3, 2008) [Docket No. 70]; *In re The Bombay Co., Inc., et al.*, Case No. 07-44084 (Bankr. N.D. Tex. Sept. 20, 2007) [Docket No. 57]; *In re Mirant Corp., et al.*, Case No. 03-46590 (Bankr. N.D. Tex. Aug. 14, 2003) [Docket No. 437]; *In re Spectrum Jungle Labs Corp. et al.*, Case No. 09-50455 (RBK) (Bankr. W.D. Tex. Feb. 6, 2009) [Docket No. 73]. Accordingly, the Debtors submit that the circumstances warrant similar relief in these cases.

### V. **NOTICE**

33. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee for the Eastern District of Texas, (b) the Debtors' 20 largest unsecured creditors, (c) the Debtors' secured creditors, (d) all governmental units, and (e) all persons filing notices of appearance in these Cases  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### VI. **NO PRIOR REQUEST**

34. No prior motion for the relief requested herein has been made to this or any other court.

### VII. **PRAYER**

WHEREFORE, the Debtors respectfully request that this Court enter an order providing for the joint administration of the Cases for procedural purposes and the consolidation of mailing lists in each of the Cases for future noticing requirements. The Debtors also request such other and further relief to which they may be entitled.

RESPECTFULLY SUBMITTED this 26th day of July, 2013.

**BRYAN CAVE LLP**

By: */s/ Keith M. Aurzada*
Keith M. Aurzada

8

Texas Bar No. 24009880
John C. Leininger
Texas Bar No. 24007544
Jay L. Krystinik
Texas Bar No. 24041279
JP Morgan Chase Tower
Suite 3300
2200 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 721-8000
Facsimile:  (214) 721-8100

**PROPOSED ATTORNEYS FOR THE DEBTORS IN POSSESSION**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2013, a copy of the foregoing was served via United States First Class Mail, Postage Prepaid, to the parties listed below:

Dalton
PO Box 961
Addison, TX 75053

Farnam Street Financial Services, Inc.
240 Pondview Plaza
5850 Opus Parkway
Minnetonka, MN 55343

Broda Enterprise USA Inc
1301 West 400 North Street
Orem, UT 84057

Invacare
P.O. Box 824056
Philadelphia, PA 19182-4056

Drive Medical
PO Box 798019
St. Louis, MO 63179-8000

Life Gas
24963 Network Place
Chicago, IL 60673-1249

Medline
Dept 1080
PO BOX 121080
Dallas, TX 75312-108003-S0125

Air Gas USA, LLC
P.O. Box 7423
Pasadena, CA 91109-7423

J-Meds
P.O. Box 1898
Burleson, TX 76097-1898

Gene Crisman
Advisor to Hospice Source
970 N. 21st St.
Beaumont, TX 77706

Liberty Mutual Insurance
Attn: First Data/Remitco
Lockbox 0109 400
White Clay Center Dr.
Newark, DE 19711

Philadelphia Insurance Companies
PO Box 70251
Philadelphia, PA 19176-0251

BeavEx, Inc.
615 Westport Parkway, Ste 600
Grapevine, TX 76051

Montgomery Coscia Greilich LLP
2500 Dallas Parkway, Suite 300
Plano, TX 75093

Sunset Healthcare Solutions
2201 S. Halsted Street, Suite 1344
Chicago, IL 60608

C.H. Robinson Worldwide, Inc.
PO Box 9121
Minneapolis, MN 55480-9121

Respironics
PO Box 405740
Atlanta, GA 30384-5740

Morton Marketing Inc.
48474 Gladstone Rd
Canton, MI 48188

Verizon
PO Box 660108
Dallas, TX 75266-0108

CPI Office Products
P.O. Box 292130
Lewisville, TX 75029-2130

Westbury Investment Partners
SBIC, LP
100 Motor Parkway, Suite 165
Hauppauge, NY 11788

Westbury SBIC, Inc.
100 Motor Parkway, Suite 165
Hauppauge, NY 11788

Texas Capital Bank
Attn: Elizabeth Mitchell
2000 McKinney Avenue, Suite 700
Dallas, TX 75201

Texas Capital Bank –
Equipment Lease
Attn: Sheila Barge
5800 Granite Pkwy, Suite 150
Plano, TX 75024

United States Attorney's Office
110 North College Avenue, Suite 700
Tyler, TX 75702-0204

United States Trustee's Office
110 North College Avenue, Suite 300
Tyler, TX 75702-7231

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Key Equipment Finance
11030 Circle Point Dr., Suite 200
Westminster, CO 80020

Medline Industries, Inc.
c/o Michael S. Baim
The CKB Firm
30 North LaSalle St., Suite 1520
Chicago, IL 60602

EFTM, Inc. d/b/a
Parwest Staffing Services, Inc.
c/o Kimberly R. Stuart
Crain Caton & James, PC
1401 McKinney Street, 17th Floor
Houston, TX 77010-4035

Compudata Products, Inc., d/b/a CPI
One Point
SCHEEF & STONE, L.L.P.
2601 Network Boulevard, Suite 102
Frisco, Texas 75034

Mike Crothers
2200 Ross Ave, Ste 4050
Dallas, TX 75201

Kenny Baker
850 Brandie St
Tuttle, OK 73089

| | | |
|---|---|---|
| James Griffin<br>2216 NW 57th Street<br>Oklahoma City, OK 73112 | Joel Wishnick<br>16525 Preston Trail Drive<br>Dallas, TX 75248 | Holly O'Hara<br>4373 E Links Pkwy<br>Littleton, CO 80122 |
| Harry M. Farnham III7006<br>McKamyBlvd<br>Dallas, TX 75248 | SAL of Texas, LP<br>6833 Heatherknoll<br>Dallas, TX 75248 | Sterling Trust FBO:<br>Richard Ryan Shultz AC 095198<br>P.O. Box 2526<br>Waco, TX 76702-2526 |
| Paul A. Yeoham<br>2200 Ross Avenue, Ste 3838<br>Dallas, TX 75201 | Michael Christodolou<br>PO Box 18319<br>Fountain Hills, AZ 85269-8319 | Gavin H. Smith<br>802 Kuhlman Road<br>Houston, TX 77024 |
| Norman Foster<br>1605 N Midwest Blvd<br>Edmond, OK 73034 | Bruce A. Burns<br>6121 Indian School Road NE, #101<br>Albuquerque, NM 87110 | Brent McCarty<br>4242 Valley Ridge<br>Dallas, TX 75225 |
| Silver Door Partners LLC55<br>Watermill Lane, Suite 300<br>Great Neck, NY 11021 | Shultz Investment Properties, LP<br>6833 Heatherknoll<br>Dallas, TX 75248 | LFI Investments, Ltd<br>2200 Ross Ave., Suite 3838<br>Dallas, TX 75201 |
| Augsburger Family Partnership, Ltd.<br>148 W. Shore Lane<br>Montgomery, TX 77356 | Richard Diamond<br>5409 Castlewood Rd<br>Dallas, TX 75227 | |

The undersigned further certifies that on July 26, 2013, a copy of the foregoing was served via electronic mail to the parties listed below:

> Counsel for Texas Capital Bank:
> Mark X. Mullin, Mark.Mullin@haynesboone.com
>
> Counsel for Westbury SBIC, Inc. and Westbury Investment Partners SBIC, LP
> Patrick Collins, pcollins@farrellfritz.com
> Stephen F. Melore, smelore@farrellfritz.com
>
> Counsel for Crothers Management, Inc.
> Jack E. Jacobsen, jjacobsen@lockelord.com
> Jeff Baker, jeff@bakerlawpllc.com
>
> Counsel for Invacare Credit Corporation
> James Billingsley, jbillingsley@polsinelli.com
>
> Office of the United States Trustee
> c/o Marc Salitore, marc.f.salitore@usdoj.gov

                                                  */s/ Jay L. Krystinik*
                                                  Jay L. Krystinik