IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 13-41815 |
| | § | |
| MED-DEPOT, INC., *et al.* | § | (Chapter 11) |
| | § | |
| Debtors | § | Jointly Administered |
| | § | |

**EXPEDITED MOTION FOR ORDER AUTHORIZING
MED-DEPOT, INC., TO ENTER INTO LEASE AGREEMENTS**

COMES NOW, Med-Depot, Inc. ("Med-Depot" or the "Debtor") and files its Expedited Motion for Order Authorizing the Debtor to Enter into Lease Agreements (the "Motion") and in support thereof respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b).

**PRELIMINARY STATEMENT**

2. The Debtor has recently concluded negotiations to (i) renew and modify an existing site lease regarding the Debtor's location in Grand Prairie, Texas, at a net savings of $300 per month (the "Grand Prairie Lease Renewal"), (ii) move the Debtor's location in Oklahoma City, Texas to a smaller space, at a net savings of $300 per month (the "Oklahoma Replacement Lease"), and (iii) close a warehouse facility in Farmer's Branch, Texas and move a portion of those facilities to an existing location (through a lease modification) in Plano, Texas, at a net savings that is still being negotiated (the "Plano Lease Modification"). The Debtor believes that entering into the proposed the Grand Prairie Lease Renewal, the Oklahoma

Replacement Lease, and the Plano Lease Modification (collectively, the "Lease Agreements") is an exercise of the Debtor's sound business judgment and should be approved pursuant to 11 U.S.C. §§ 105(a), 363(b),

## BACKGROUND

**A.    The Bankruptcy Case**

3.    On July 26, 2013 (the "Petition Date"), Med-Depot, Inc. and Med-Depot Holdings, Inc. (the "Debtors") filed their voluntary petitions for relief (the "Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). The Debtors cases have been jointly administered for procedural purposes under Case No. 13-41815. The Debtors continue to operate their respective businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee has not yet appointed a creditor's committee, and no trustees or examiners have been requested or appointed in the Debtors' chapter 11 cases.

**B.    The Debtors' Corporate Structure and Business Operations**

4.    Med-Depot is an Oklahoma corporation incorporated in 1998 to be a national provider of respiratory therapy and home medical equipment (collectively, "HME") to hospice providers and their patients. Med-Depot has approximately 42 locations in eight states, and the principal place of business for Med-Depot is located in Plano, Texas.

5.    Med-Depot's business consists primarily of HME rental, delivery, pickup, and service. Routinely rented equipment includes hospital beds, oxygen concentrators, nebulizers, suction machines, specialty mattresses, wheelchairs, and other related items. As of the Petition Date, the Debtors employ approximately 164 employees.

**C.    The Lease Agreements**

(i)    *Grand Prairie Lease Renewal*

6.    The Debtor and landlord MRI ACL Portfolio Investment Fund, LP are parties to a lease of non-residential real property in Grand Prairie, Texas.  The Debtor has negotiated a renewal of such lease at a reduced rental rate of $1,650 per month, constituting a $300 per month reduction in rent.  The renewed term of the Grand Prairie Lease Renewal expires July 31, 2014.  The Debtor executed the Grand Prairie Lease Renewal on August 5, 2013 and believes that the renewal of an existing lease is in the ordinary course of the Debtor's business.  In an abundance of caution, the Debtor requests court approval of the Debtor's execution of the Grand Prairie Lease Renewal, with such approval effective as of August 5, 2013.  A true and correct copy of the Grand Prairie Lease Renewal is attached hereto as **Exhibit A-1** and incorporated by reference.

(ii)    *Oklahoma Replacement Lease*

7.    The Debtor is party to an expiring lease of non-residential real property in Oklahoma City, Texas.  The Debtor has located replacement space in a smaller location that is more suited to the Debtor's needs.  The proposed Oklahoma Replacement Lease, which is attached hereto as **Exhibit A-2** and incorporated by reference, contains a one-year term with monthly rent of $875.  The proposed rent constitutes a $300 per month reduction in rent compared to the expiring lease.  The Debtor requests authority to execute the Oklahoma Replacement Lease.

(iii)    *Plano Lease Modification*

8.    The Debtor is party to an expiring lease of non-residential real property in Farmer's Branch, Texas, that serves as warehouse space that the Debtor no longer requires.

However, the Debtor does require space for certain repair services previously located at the Farmer's Branch location. The Debtor is negotiating a modification to an existing lease of non-residential real property in Plano, Texas that will allow for repair services to be performed in space adjacent to the Debtor's existing corporate headquarters in Plano, Texas. The terms of the Plano Lease Modification are still being negotiated, but the termination of the lease of the Farmer's Branch location and the modification of the lease of the Plano location will result in a net savings to the Debtor's estate. In addition, the Plano Lease Modification will provide the Debtor increased efficiency and oversight, because repair facilities will be located adjacent to its corporate headquarters. The Debtor requests authority to execute the Plano Lease Modification.

## **RELIEF REQUESTED**

3.  The Debtor requests the Court authorize the Debtor to enter into the Lease Agreements pursuant to 11 U.S.C. § 363(b).

4.  Bankruptcy Code section 363 provides, in pertinent part:

(b)(1) The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b).

11.  Under applicable legal standards, a debtor may use or sell property of the estate if the court finds that the transaction represents a reasonable business judgment by the debtor. *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)); see also *In re ASARCO LLC*, 441 B.R. 813, 823 (S.D. Texas 2010), aff'd, 2011 U.S. App. LEXIS (5th Cir. 2011); *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park Building Group, Ltd.)*, 331 B.R. 251, 254 (N.D. Tex. 2005); *In re Wilde*

*Horse Enters.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Ionosphere Clubs, Inc.,* 184 B.R. 648, 653 (S.D.N.Y. 1995).

12. Bankruptcy Code section 363 does not require that the court substitute its business judgment for that of the debtor. See, e.g., *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 676 (Bankr. S.D.N.Y. 1989) (court will not substitute a hostile witness's business judgment for debtor's unless testimony "established that [the debtor] has failed to articulate a sound business justification for its chosen course"). Rather, the court should ascertain whether the debtor has articulated a valid business justification for the proposed transaction. *See, e.g., Lewis v. Anderson, 615 F.2d 778* (9th Cir. 1979), *cert. denied*, 449 U.S. 869, 101 S. Ct. 206 (1980). This is consistent with "the broad authority to operate the business of the debtor . . . [which] indicates Congressional intent to limit court involvement in business decisions by a trustee . . . [so that] a court may not interfere with a reasonable business decision made in good faith by a trustee." *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

13. In this case, adequate business justification exists to allow the Debtor to enter into the Lease Agreements. The Debtors believes that it is in its best interest to approve the Grand Prairie Lease Renewal to allow for continued use of existing facilities at reduced rent and savings to the estate.  The Debtor submits the Grand Prairie Lease Renewal was executed in the ordinary course of business, but in an abundance of caution seeks court approval of the Debtor's execution of the Grand Prairie Lease Renewal, with such approval effective as of August 5, 2013.

14. The Debtor additionally believes the proposed Oklahoma Replacement Lease is in the best interest of its estate because it will provide more suitable space at a rental rate $300 per month less than that of the expiring lease.

15. Finally, the Debtor believes the proposed Plano Lease Modification to be in the best interest of its estate because it will result in a net savings and, in addition, provide the Debtor increased efficiency and oversight with repair facilities located adjacent to its existing corporate headquarters.

16. The Debtor maintains that the terms of the Lease Agreements are fair and reasonable, and the monthly rentals provided under the Lease Agreements are consistent with the market (or reflect a reduction of prior monthly rental rates).

17. Accordingly, because consummating the Lease Agreements reflects sound business judgment decision, this Court should grant this Motion.

18. Finally, through this Motion, the Debtor seeks a waiver of the stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) for "cause," so that the order on this Motion may be effective immediately without the fourteen (14) day stay otherwise applicable. There is cause to waive such stay inasmuch as the Lease Agreements will result in continued occupancy and immediate savings, and will also allow the Debtor vacate space subject to expiring leases.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to enter into the Lease Agreements, (ii) providing for the waiver of stay imposed by Federal Rule of Bankruptcy Procedure 6004(h), and (iii) granting any additional relief that the Court believes is fair and necessary.

RESPECTFULLY SUBMITTED this 14th day of August, 2013.

**BRYAN CAVE LLP**

By: *Jay L. Krystinik*
Keith M. Aurzada
Texas Bar No. 24009880
John C. Leininger
Texas Bar No. 24007544
Jay L. Krystinik
Texas Bar No. 24041279
JP Morgan Chase Tower
Suite 3300
2200 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100

**PROPOSED ATTORNEYS FOR THE DEBTORS IN POSSESSION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 14, 2013, a copy of the foregoing was served via United States First Class Mail, Postage Prepaid, to the parties listed below:

Dalton
PO Box 961
Addison, TX 75053

Farnam Street Financial Services, Inc.
240 Pondview Plaza
5850 Opus Parkway
Minnetonka, MN 55343

David Heap – Interim Chairman
Broda Enterprise USA Inc
1301 West 400 North Street
Orem, UT 84057

Invacare
P.O. Box 824056
Philadelphia, PA 19182-4056

Drive Medical
PO Box 798019
St. Louis, MO 63179-8000

Life Gas
24963 Network Place
Chicago, IL 60673-1249

Anthony Russo
Medline
Dept 1080
PO BOX 121080
Dallas, TX 75312-108003-S0125

Air Gas USA, LLC
P.O. Box 7423
Pasadena, CA 91109-7423

Jerry Williams
J-Meds
P.O. Box 1898
Burleson, TX 76097-1898

Gene Crisman
Advisor to Hospice Source
970 N. 21st St.
Beaumont, TX 77706

Liberty Mutual Insurance
Attn: First Data/Remitco
Lockbox 0109 400
White Clay Center Dr.
Newark, DE 19711

Philadelphia Insurance Companies
PO Box 70251
Philadelphia, PA 19176-0251

BeavEx, Inc.
615 Westport Parkway, Ste 600
Grapevine, TX 76051

Montgomery Coscia Greilich LLP
2500 Dallas Parkway, Suite 300
Plano, TX 75093

Sunset Healthcare Solutions
2201 S. Halsted Street, Suite 1344
Chicago, IL 60608

C.H. Robinson Worldwide, Inc.
PO Box 9121
Minneapolis, MN 55480-9121

Respironics
PO Box 405740
Atlanta, GA 30384-5740

Morton Marketing Inc.
48474 Gladstone Rd
Canton, MI 48188

Verizon
PO Box 660108
Dallas, TX 75266-0108

CPI Office Products
P.O. Box 292130
Lewisville, TX 75029-2130

Westbury Investment Partners
SBIC, LP
100 Motor Parkway, Suite 165
Hauppauge, NY 11788

Westbury SBIC, Inc.
100 Motor Parkway, Suite 165
Hauppauge, NY 11788

Texas Capital Bank
Attn: Elizabeth Mitchell
2000 McKinney Avenue, Suite 700
Dallas, TX 75201

Texas Capital Bank –
Equipment Lease
Attn: Sheila Barge
5800 Granite Pkwy, Suite 150
Plano, TX 75024

Isuzu Finance of America:
3020 Westchester Avenue, Suite 203
Purchase, NY 10577

United States Attorney's Office
110 North College Avenue, Suite 700
Tyler, TX 75702-0204

United States Trustee's Office
110 North College Avenue, Suite 300
Tyler, TX 75702-7231

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Key Equipment Finance
11030 Circle Point Dr., Suite 200
Westminster, CO 80020

Medline Industries, Inc.
c/o Michael S. Baim
The CKB Firm
30 North LaSalle St., Suite 1520
Chicago, IL 60602

EFTM, Inc. d/b/a
Parwest Staffing Services, Inc.
c/o Kimberly R. Stuart
Crain Caton & James, PC
1401 McKinney Street, 17th Floor
Houston, TX 77010-4035

Compudata Products, Inc., d/b/a CPI One Point
Patrick J. Schurr
SCHEEF & STONE, L.L.P.
2601 Network Boulevard, Suite 102
Frisco, Texas 75034

Mike Crothers
2200 Ross Ave, Ste 4050
Dallas, TX 75201

Kenny Baker
850 Brandie St
Tuttle, OK 73089

James Griffin
2216 NW 57th Street
Oklahoma City, OK 73112

Harry M. Farnham III 7006
McKamy Blvd
Dallas, TX 75248

Paul A. Yeoham
2200 Ross Avenue, Ste 3838
Dallas, TX 75201

Norman Foster
1605 N Midwest Blvd
Edmond, OK 73034

Silver Door Partners LLC 55
Watermill Lane, Suite 300
Great Neck, NY 11021

Augsburger Family Partnership, Ltd.
148 W. Shore Lane
Montgomery, TX 77356

Joel Wishnick
16525 Preston Trail Drive
Dallas, TX 75248

SAL of Texas, LP
6833 Heatherknoll
Dallas, TX 75248

Michael Christodolou
PO Box 18319
Fountain Hills, AZ 85269-8319

Bruce A. Burns
6121 Indian School Road NE, #101
Albuquerque, NM 87110

Shultz Investment Properties, LP
6833 Heatherknoll
Dallas, TX 75248

Richard Diamond
5409 Castlewood Rd
Dallas, TX 75227

Holly O'Hara
4373 E Links Pkwy
Littleton, CO 80122

Sterling Trust FBO:
Richard Ryan Shultz AC 095198
P.O. Box 2526
Waco, TX 76702-2526

Gavin H. Smith
802 Kuhlman Road
Houston, TX 77024

Brent McCarty
4242 Valley Ridge
Dallas, TX 75225

LFI Investments, Ltd
2200 Ross Ave., Suite 3838
Dallas, TX 75201

Oklahoma County Treasurer
320 Robert S. Kerr, Room 307
Oklahoma City, OK 73102

James H. Billingsley
Polsinelli PC
2501 N. Harwood Street
Suite 1900
Dallas, TX 75201

Patrick Collins, Esq.
Robert C. Yan, Esq.
Farrell Fritz, PC
1320 RXR Plaza
Uniondale, NY 115566-1320

Mark X. Mullin
Hayne and Boone, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219

Linebarger Goggan Blair & Sampson, LLP
711 Navarro
Suite 300
San Antonio, TX 78205

Arlington ISD
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott, LLP
P.O. Box 13430
Arlington, TX 76094-0430

John Mark Stern
Arthur A. Stewart
Assistant Attorneys General
Bankruptcy & Collections Division MC008
P.O. Box 12548
Austin, TX 78711-2548

Kathleen Miller
Smith, Katzenstein & Jenkins, LLP
The Corporate Plaza
800 Delaware Avenue
Suite 1000
P.O. Box 410
Wilmington, DE 19899

The undersigned further certifies that on August 14, 2013, a copy of the foregoing was served via electronic mail through the Court's CM/ECF system to all parties consenting to service through same.

          */s/ Jay L. Krystinik*
          Jay L. Krystinik